IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES, F/U/B/O,** )<br>**GLOBAL COMMERCIAL** )<br>**CONSTRUCTION, INC.** )<br>7520 Fenwick Cove Lane )<br>Orlando, Florida 32819 )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**LIBERTY MUTUAL** )<br>**INSURANCE COMPANY** )<br>Interchange Corporate Center )<br>450 Plymouth Road, Suite 400 )<br>Plymouth Meeting, PA 19462 )<br>)<br>**Defendant.** )<br>)<br>**Serve:** CT Corporation System )<br>1015 15th Street, N.W., Suite 1000 )<br>Washington, D.C. 20005 ) | **Civil Action No.** |

## Complaint

COMES NOW, Plaintiff Global Commercial Construction, Inc., ("Global") by undersigned counsel, and for its Complaint against Liberty Mutual Insurance Company ("LMIC") states as follows:

**PARTIES**

1. Global is a Florida corporation in the business of installing millwork and providing specialized labor for construction activities. Its principal place of business is Orlando, Florida.

2. On information and belief, Byrne Millwork ("Byrne") is a Delaware corporation whose principal place of business is New Castle, Delaware. Byrne is a manufacturer of wood and millwork products.

3. On information and belief, Sigal Construction Corporation ("Sigal") is a Maryland

corporation and a general contractor licensed in the District of Columbia whose principal place of business is in the District of Columbia.

4. On information and belief, LMIC is a Massachusetts corporation licensed to do business and doing business in the District of Columbia. LMIC is a bonding company that provides construction performance and payment bonds. LMIC has an office in Plymouth Meeting, Pennsylvania where its authorized officials have acted in connection with Global's claims.

### JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 40 U.S.C. §3131, *et. seq.*

6. Venue is proper in this Court in accordance with 40 U.S.C. §3131(b)(3)(B).

### FACTS

7. Sigal entered into a contract with the United States General Services Administration to renovate the Old State Department Building ("Project") in the District of Columbia.

8. LMIC provided Sigal with performance and payment bonds for the Project.

9. Sigal subcontracted with Byrne to furnish and install the Building's millwork.

10. Byrne entered into a purchase order ("PO") with Global for Global to provide the labor to install the millwork for the Building. The terms of the PO were:

   a. Byrne would pay Global specified unit prices for labor;

   b. Byrne would reimburse Global for subsistence and other expenses, as set forth in the PO; and

   c. Byrne would pay Global 12% markup on the subsistence and expenses.

11. Pursuant to the PO, Global furnished labor and incurred expenses in connection with installation of the millwork.

12. Global commenced work on or around February 17, 2005 and completed on or after July 8, 2005.

13. Global satisfactorily performed all of its work in the Building.

14. Global regularly submitted invoices, totaling $624,795.17, to Byrne and/or Sigal. Byrne and/or Sigal paid a total of $212,206.75 but failed and refused to pay the balance due. The failure to pay the balance due was unrelated to the quality of Global's performance.

15. Global timely submitted a claim to LMIC under the payment bond for monies due but unpaid.

16. LMIC has failed to pay Global's claim.

## COUNT 1 – FAILURE TO PAY AMOUNTS DUE AND OWING

17. Plaintiff reaffirms and realleges paragraphs 1-16 as if fully set forth herein.

18. LMIC, as Miller Act surety, submitted a payment bond to the United States Government with Sigal as principal.

19. Global, as a labor contractor, is covered by the bond pursuant to the Miller Act, 40 U.S.C. §3131, *et. seq.*

20. Global performed its work satisfactorily and completed work on or after July 8, 2005.

21. Global submitted proper invoices to Byrne and Sigal for work performed which largely remain unpaid.

22. Global made demand on LMIC under the payment bond. It furnished supporting documents showing the work performed and expenses incurred and advised LMIC that full payment had not been made.

23. LMIC has failed to pay Global pursuant to its obligation under the payment bond.

- 4 -

24. Global is entitled to $412,588.42 to fully compensate it for work performed and accepted on the Project and in accordance with the terms of its subcontract.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor and against Defendant, LMIC, in the amount of at least $412,588.42 plus pre-judgment interest and such other and further relief as this Court deems proper and just.

Respectfully submitted,

GLOBAL COMMERCIAL CONSTRUCTION, INC.
By Counsel

_____
Laurence Schor. (D.C. Bar No. 11484)
Susan L. Schor (D.C. Bar No. 961441)
Dennis C. Ehlers (D.C. Bar No. 478721)
McManus, Schor, Asmar & Darden, L.L.P.
1155 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
202-296-9260
202-659-3732 (fax)