UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL COMMERCIAL CONSTRUCTION INC. ) ) ) Plaintiff, ) ) v. ) ) LIBERTY MUTUAL INSURANCE COMPANY ) ) ) Defendant. ) ) | Civil Action No. 06-1210 (EGS) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Comes now Plaintiff, Global Commercial Construction Inc. ("Global"), by counsel, and responds to the Order of the Court of October 19, 2006. Global prays that the Court not dismiss this action as there were compelling reasons for not serving the Complaint until October 12, 2006, when service was made. Plaintiff, having served the Complaint, will prosecute this case vigorously until it is resolved by this Court or settled.

**Discussion**

The claims by Global involve work that it performed at the Old State Department building in Washington, D.C. and for which it was not paid. The project was performed under a federal government contract issued by the United States General Services Administration to Sigal Construction, as prime contractor. Sigal provided performance and payment bonds from Liberty Mutual Insurance Company ("LMIC") to the General Services Administration. Sigal also issued a subcontract to Byrne Millwork for the supply and installation of millwork, including cabinets, door jambs, and similar wood

materials. Byrne subcontracted the labor to install the millwork to Global, which performed all of the work it was requested to do on a "time and materials" basis, thus there was no set scope of work for the Global subcontract.

During the period February 2005-April 2005, Byrne experienced severe financial difficulties and stopped payments to Global. Sigal, the prime contractor, made one payment to Global to induce it to continue performance. However, Global is a very small company, and after Sigal refused to make any further payment, Global could not afford to continue performing without payment while carrying the balance owed to it by Byrne. Global stopped work in July 2005.

Global retained this law firm shortly after it had stopped work. Counsel initiated communications with representatives of Sigal and the surety company, LMIC, defendant herein, including extensive correspondence, in an effort to reach a resolution of the payments due to Global without litigation. Compromises were offered and this firm informed the bonding company representative that suit had been filed but would not be served it if there was an opportunity to settle by mid-October 2006.

Unfortunately, two factors intervened to hamper settlement possibilities. First, Sigal representatives furnished LMIC and Global with alleged support for backcharges to be assessed against Global, which Global considers to be spurious, in amounts that exceed Global's entire claim. Global furnished a detailed statement of its position rejecting the Sigal backcharges to the LMIC representative. Second, approximately two weeks ago, the person representing LMIC in this matter left the company and a new individual has just been assigned to this matter. Concluding that settlement in the next

several weeks is unlikely, Global served its Complaint on October 12, as evidenced by the Affidavit of Service of Capital Process Service attached hereto.

WHEREFORE, based on the above, we ask that the Court accept this response to its Order to Show Cause and permit the case to proceed.

        Respectfully submitted,

        GLOBAL COMMERCIAL CONSTRUCTION INC.

        /s/
        Laurence Schor, Bar. No. 11494
        McManus, Schor, Asmar & Darden, L.L.P.
        1155 15th Street, N.W., Ninth Floor
        Washington, D.C. 20005
        (202) 296-9260
        (202) 659-3732 (facsimile)

October 24, 2006

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on defendant Liberty Mutual Insurance Company this 24th day of October 2006 by first class mail, postage prepaid, on:

CT Corporation System
Registered Agent for Liberty Mutual Insurance Company
1015 15th Street, N.W.
Suite 1000
Washington, D.C. 20005


                                          /s/
                                    Laurence Schor