UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of GLOBAL COMMERCIAL CONSTRUCTION, INC.<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br><br>　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:  1:06CV01210<br>)  Judge:  Emmet G. Sullivan |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Liberty Mutual Insurance Company ("Liberty"), by counsel, submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff United States for the use and benefit of Global Commercial Construction, Inc. ("Global"), and states as follows:

**PARTIES**

　　　　1.　　Liberty lacks sufficient information to admit or deny the allegations of Paragraph 1, and accordingly denies the same.

　　　　2.　　Upon information and belief, Liberty admits that Byrne Millwork ("Byrne") is a manufacturer of wood and millwork products. Liberty lacks sufficient information to admit or deny the remaining allegations of Paragraph 2, and accordingly denies the same.

　　　　3.　　Upon information and belief, the allegations of Paragraph 3 are admitted.

4.      Liberty admits that it is a Massachusetts corporation and that its business, in part, involves the provision of performance and payment bonds to construction contractors. Liberty further admits that it has an office in Plymouth Meeting, Pennsylvania and that certain Liberty employees based in that office received written correspondence from Global and drafted written correspondence to Global. To the extent Paragraph 5 contains any additional allegations, such allegations are denied.

## JURISDICTION AND VENUE

5.      The allegations contained in Paragraph 5 of the Complaint are conclusions of law, to which no response is required. To the extent any response is required, Liberty denies the same.

6.      The allegations contained in Paragraph 6 of the Complaint are conclusions of law, to which no response is required. To the extent any response is required, Liberty denies the same.

## FACTS

7.      Upon information and belief, Liberty admits that Sigal entered into a contract (No. GS-11P03MKC0047) with the United States General Services Administration ("GSA") on or about October 23, 2003. The terms and conditions of the contract speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 7 of the Complaint differ from the terms and conditions of the Contract, they are denied.

8.      Liberty admits that it issued Payment Bond No. 17010125 (the "Payment Bond") on Sigal's behalf for the Project. In further response, the terms and conditions of the Payment Bond speak for themselves and are the best evidence thereof. To the extent

the allegations in Paragraph 8 of the Complaint differ from the terms and conditions of the Payment Bond, they are denied.

9. Upon information and belief, Liberty admits that Sigal entered into a subcontract with Byrne. The terms and conditions of the subcontract speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 9 of the Complaint differ from the terms and conditions of the Subcontract, they are denied.

10. Liberty lacks sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint, and accordingly, denies the same.

11. Liberty lacks sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint, and accordingly, denies the same.

12. Liberty lacks sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint, and accordingly, denies the same.

13. Denied.

14. Upon information and belief, Liberty admits that Global generated some invoices. Liberty lacks sufficient information to admit or deny Global's other allegations and therefore all other allegations contained in Paragraph 14 are denied.

15. Liberty admits that Global has made demand on the Payment Bond. Global's allegation that such demand was "timely" is a legal conclusion to which no response is required, but to the extent a response is necessary, this allegation is denied. Any remaining allegations contained in Paragraph 15 are denied.

16. Liberty admits that it has not paid Global the amounts Global has demanded. Any remaining allegations contained in Paragraph 16 are denied.

## COUNT I – MILLER ACT

17. Liberty hereby incorporates its responses to Paragraphs 1-16 of the Complaint as if fully set forth herein.

18. Liberty admits that it issued Payment Bond No. 17010125 on Sigal's behalf for the Project. Liberty denies that it submitted the Payment Bond to the Government, however, and upon information and belief, Liberty avers that Sigal submitted the Payment Bond to the Government. Any remaining allegations contained in Paragraph 18 are denied.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent any response is necessary, the allegations of Paragraph 19 are denied.

20. Liberty denies that Global satisfactorily completed any work it performed on the Project. Liberty lacks sufficient information to admit or deny the remaining allegations of Paragraph 20, and accordingly denies the same.

21. Liberty admits that Global submitted invoices to Byrne and/or Sigal. The allegation that such invoices were "proper" is a legal conclusion to which no response is required, but to the extent any response is necessary, this allegation is denied. Liberty lacks sufficient information to admit or deny the remaining allegations of Paragraph 21, and accordingly denies the same.

22. Liberty admits that Global made demand on the Payment Bond and that in such demand Global alleged that it had not been fully paid. Liberty admits that Global furnished certain documents to Liberty in connection with its demand on the Payment Bond. Any remaining allegations contained in Paragraph 22 are denied.

23. Liberty admits that it has not paid Global in accordance with Global's demand. However, Liberty denies any obligation to pay Global the monies Global demands. Any remaining allegations contained in Paragraph 23 are denied.

24. Denied.

25. All allegations in the Complaint not expressly admitted by Liberty above are denied.

**WHEREFORE,** Liberty hereby requests that the claims against it be dismissed in their entirety, with prejudice, and that Liberty be awarded its reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, by Global's failure to provide proper written notice of its claims to Sigal, as required by the Miller Act.

3. The Complaint is barred, in whole or in part, because Global's claims are not for labor or materials within the scope of the Payment Bond.

4. The Complaint is barred in whole or in part by Global's failure to comply with conditions precedent, including, but not limited to, requirements imposed by Global's Purchase Order with Byrne, requirements imposed by the Payment Bond, and requirements imposed by federal law, including those imposed by the Miller Act.

5. The Complaint is barred, in whole or in part, by Global's failure to mitigate its damages, if any.

6. The Complaint is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

7. The Complaint is barred, in whole or in part, by the doctrines of offset and/or recoupment.

8. In addition to the above affirmative defenses, Liberty reserves the right to rely upon any additional defenses or matters in avoidance which become known to it during the course of discovery and/or trial.

**WHEREFORE,** Liberty hereby requests that the claims against it be dismissed in their entirety, with prejudice, and that Liberty be awarded its reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

**DATED**: November 1, 2006

Respectfully submitted,

/s/ Jeffrey G. Gilmore
_____
Jeffrey G. Gilmore
D.C. Bar No. 388362
AKERMAN SENTERFITT
WICKWIRE GAVIN
8100 Boone Blvd, Suite 700
Vienna, Virginia 22182
Phone 703-790-8750
Fax 703-448-1801
jeff.gilmore@akerman.com

*Counsel for Defendant Liberty Mutual Insurance Company*

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA
# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2006, I electronically filed Defendant Liberty Mutual Insurance Company's Answer and Affirmative Defenses and any attachments, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to:

> Laurence Schor, Esq.
> Susan L. Schor, Esq.
> Dennis C. Ehlers, Esq.
> McManus, Schor, Asmar & Darden, L.L.P.
> 1155 Fifteenth Street, N.W.
> Suite 900
> Washington, DC 20005
>
> *Counsel for Plaintiff United States f/u/b/o*
> *Global Commercial Construction, Inc.*
>
>
> /s/ Jeffrey G. Gilmore
> _____
> Jeffrey G. Gilmore