UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>**GLOBAL COMMERCIAL CONSTRUCTION INC.**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY**<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-1210 (EGS)<br>)<br>)<br>)<br>)<br>) |

**PARTIES' STATUS REPORT TO THE COURT UNDER RULE LCvR 16.3**

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Response:**

The parties do not believe that the entire case is likely to be disposed of by a dispositive motion. No such motion has been filed to date. The parties may file motions regarding some of the issues but do not expect to do so before at least some discovery has occurred.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Response:**

At the present time, the parties do not envision that other parties will be joined or the pleadings amended to identify new issues. The parties do believe that certain factual and legal issues may be agreed upon or narrowed and have already commenced discussions to this end.

    (3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Response:**

The parties wish to proceed before the Court and not before a Magistrate Judge for trial.

    (4)    Whether there is a realistic possibility of settling the case.

**Response:**

At the present time, the parties believe that there is a possibility of settlement.

    (5)    Whether the case could benefit from the Court's alternative dispute resolution **(ADR)** procedures (or some other form of **ADR**); what related steps should be taken to facilitate such **ADR**; and whether counsel have discussed **ADR** and their response to this provision with their clients. In assessing the above, counsel shall consider:

        (i)    the client's goals in bringing or defending the litigation;
        (ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement
        (iii)    the point during the litigation when **ADR** would be most appropriate, with special consideration given to:

        (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
        (bb) whether ADR should take place before or after the judicial

|      |      |
|------|------|
|      | resolution of key legal issues; |
| (iv) | whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and |
| (v)  | whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending. |

**Response:**

As previously reported to the Court by plaintiff's counsel, settlement discussions began with defendant prior to service of the Complaint. Counsel for both parties have known each other for many years and are familiar with the issues in this case. They have commenced settlement discussions in conjunction with their attempt to identify and to narrow the issues between them. Counsel for both parties are experienced in utilizing ADR and recognize the benefits thereof. At the present time, counsel for the parties continue to discuss the possibility of settlement and cannot say if ADR would benefit the process. However, the parties recognize that a neutral evaluation of their case as set forth in (5)(iv) may be appropriate should their settlement discussion reach an impasse. A cost savings will result from a stay of discovery should settlement discussions at this point not succeed and the parties opt for either a neutral evaluation or mediation.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Response:**

The parties request the opportunity to propose a schedule for dispositive motions on certain legal issues involved in this case at a later date. We suggest that the Court set February 16, 2007 as the date by which the parties should submit a complete schedule for

motions, discovery cutoff, pretrial conference and a trial. As this a Miller Act case, the trial will be before the Court.

(7)   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**Response:**

The parties believe that Rule 26(a)(1) disclosures should be filed by Plaintiff on January 16, 2007 and by Defendant on February 16, 2007. This will permit the parties to conclude initial settlement discussions, and, if possible, conduct an ADR on an expedited basis.

(8)   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Response:**

The parties believe that each will conduct no more than four depositions after document discovery is accomplished. The parties request that they be given until February 16, 2007 to respond to this item.

(9)   Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Response:**

Neither party expects to use an expert witness at this time. However, to the extent that the parties opt to present expert testimony, the parties do not wish to modify the requirements of Rule 26(a)(2).

(10)  In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

- 5 -

**Response:**

      Not applicable.

(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Response:**

      The matter should not be bifurcated.

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response:**

      The parties request that they be given until February 16, 2007 to identify a date for the pretrial conference.

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Response:**

      The parties believe that a firm trial date should be fixed because the plaintiff is a Florida corporation and its personnel travel extensively throughout the East Coast working on different projects. Defendant will rely on witnesses from the prime contractor, Sigal Construction, and wishes to have a firm trial date in order that progress on ongoing projects not be interrupted.

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Response:**

      The parties have requested herein that the Court defer the issuance of a scheduling order until February 16, 2007. Should the Court decline, the parties request that they be

given ten days after the status conference before the Court on December 6, to submit a proposed schedule.

Respectfully submitted,

/s/ Jeffrey G. Gilmore
Jeffrey G. Gilmore
D.C. Bar No. 388362
AKERMAN SENTERFITT
WICKWIRE GAVIN
8100 Boone Blvd., Suite 700
Vienna, Virginia 22182
Phone: 703-790-8750
Fax: 703-448-1801
Jeff.gilmore@akerman.com

*Counsel for Defendant Liberty Mutual Insurance Company*

/s/ Laurence Schor
Laurence Schor
D.C. Bar. No. 11494
MCMANUS, SCHOR, ASMAR &
DARDEN, L.L.P.
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20036
Phone: (202) 296-9260
Fax: (202) 659-3732
lschor@msadlaw.com

*Counsel for Plaintiff Global Commercial Construction Inc.*

November 29, 2006